Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Kelsey Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEN BROWAR, an individual;
DEBORAH ORY, an individual,

Plaintiffs,

v.

PIXELS.COM, LLC., individually and d/b/a FINE ART AMERICA, an Illinois limited liability company; and DOES 1 through 10,

Defendants.

Case No.:

**PLAINTIFF'S COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT**
2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**
3. **VICARIOUS COPYRIGHT INFRINGEMENT**

Jury Trial Demanded

KEN BROWAR and DEBORAH ORY, by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff KEN BROWAR ("Browar") is an individual residing in New York and conducting business within the instant forum.

5. Plaintiff DEBORAH ORY ("Ory") (collectively with Browar, "Plaintiffs") is an individual residing in New York and conducting business within the instant forum.

6. Plaintiffs are informed and believes and thereon allege that Defendant PIXELS.COM, LLC., individually and doing business as "FINE ART AMERICA" (collectively, "Pixels") is an Illinois limited liability company with its principal place of business at 2415 North Geneva Terrace, Chicago, Illinois 60614, and is conducting business in and with the state of California.

7. Plaintiffs' copyrights and believe and thereon allege that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true

names and capacities when same have been ascertained.

8. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH A**

9. Plaintiffs created and own an original photograph entitled 20140818_MistyandAlex_0386 ("Subject Photograph A"), which has been registered with the United States Copyright Office.

10. Subject Photograph A has been widely published and distributed, including through 1) Plaintiffs' website, http://www.nycdanceproject.com/ and numerous other press publications. *See* http://www.nycdanceproject.com/press.

11. Plaintiffs are informed and believe and thereon allege that following Plaintiffs' creation, publication, and distribution of Subject Photograph A, Pixels and Does 1-2, and each of them used Subject Photograph A without Plaintiffs' authorization for commercial purposes in various ways, including, but not limited to, creating, manufacturing, publishing, and distributing unauthorized copies and derivative works of Subject Photograph A on www.fineartamerica.com (the "Infringing Content A").

12. Infringing Content includes, but is not limited to, the products from Pixels Seller "Humphrey Isselt" at the following URLs:

- https://fineartamerica.com/featured/misty-humphrey-isselt.html and
- https://fineartamerica.com/featured/misty-in-blue-humphrey-isselt.html

13. On May 20, 2023, Plaintiffs sent Pixels a fully compliant takedown requests regarding the above identified Infringing Content.

14. To date, Pixels has failed to comply with Plaintiffs' take down request and Infringing Content A remains on Pixel's website.

15. Subject Photograph A and an exemplar of Infringing Content A is set forth herein below:

| SUBJECT PHOTOGRAPH A | INFRINGING CONTENT A |
| --- | --- |




/ / /

/ / /

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH B**

16. Plaintiffs created and own an original photograph entitled 20151031_MashaDashkinaMaddux-108 ("Subject Photograph B"), which has been registered with the United States Copyright Office.

17. Subject Photograph B has been widely published and distributed, including through 1) Plaintiffs' website, http://www.nycdanceproject.com/ and numerous other press publications. *See* http://www.nycdanceproject.com/press.

18. Plaintiffs are informed and believe and thereon allege that following Plaintiffs' creation, publication, and distribution of Subject Photograph B, Pixels and Doe 3, and each of them used Subject Photograph B without Plaintiffs' authorization for commercial purposes in various ways, including, but not limited to, creating, manufacturing, publishing, and distributing unauthorized copies and derivative works of Subject Photograph B on www.pixels.com (the "Infringing Content B").

19. Infringing Content B includes, but is not limited to, the products from Pixels Seller "Towery Hill" at the following URLs: https://pixels.com/featured/2-hobby-dancing-newspaper-girl-towery-hill.html

20. On August 30, 2023, Plaintiffs sent Pixels a fully compliant takedown requests regarding the above identified Infringing Content.

21. To date, Pixels has failed to comply with Plaintiffs' take down request and Infringing Content B remains on Pixel's website.

22. Subject Photograph B and an exemplar of Infringing Content B is set forth herein below:

/ / /

/ / /

/ / /

| SUBJECT PHOTOGRAPH B | INFRINGING CONTENT B |
| --- | --- |
| |  |



**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH C**

23. Plaintiffs created and own an original photograph entitled 20151207_RobbieandTiler_0369 ("Subject Photograph C"), which has been registered with the United States Copyright Office.

24. Subject Photograph C has been widely published and distributed, including through 1) Plaintiffs' website, http://www.nycdanceproject.com/ and numerous other press publications. *See* http://www.nycdanceproject.com/press.

25. Plaintiffs are informed and believe and thereon allege that following Plaintiffs' creation, publication, and distribution of Subject Photograph C, Pixels and Doe 4, and each of them used Subject Photograph C without Plaintiffs' authorization for commercial purposes in various ways, including, but not limited to, creating, manufacturing, publishing, and distributing unauthorized copies and derivative works of Subject Photograph C on www.pixels.com (the "Infringing Content C").

26. Infringing Content C includes, but is not limited to, the products from Pixels Seller "Towery Hill" at the following URLs:

- https://pixels.com/featured/hobby-dancing-the-first-dance-towery-hill.html

27. On August 30, 2023, Plaintiffs sent Pixels a fully compliant takedown requests regarding the above identified Infringing Content.

28. To date, Pixels has failed to comply with Plaintiffs' take down request and Infringing Content C remains on Pixel's website.

29. Subject Photograph C and an exemplar of Infringing Content C is set forth herein below:

<table>
<tr><th>SUBJECT PHOTOGRAPH C</th><th>INFRINGING CONTENT C</th></tr>
<tr><td></td><td>
</td></tr>
</table>

**<u>CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH D</u>**

30. Plaintiffs created own an original photograph entitled 20160605_FanaTesfagiorgis_0288 ("Subject Photograph D"), which has been registered with the United States Copyright Office.

31. Subject Photograph D has been widely published and distributed, including through 1) Plaintiffs' website, http://www.nycdanceproject.com/ and numerous other press publications. *See* http://www.nycdanceproject.com/press.

32. Plaintiffs are informed and believe and thereon allege that following Plaintiffs' creation, publication, and distribution of Subject Photograph D, Pixels and Doe 5-6, and each of them used Subject Photograph D without Plaintiffs' authorization for commercial purposes in various ways, including, but not limited to, creating, manufacturing, publishing, and distributing unauthorized copies and derivative works of Subject Photograph D on www.pixels.com (the "Infringing Content D").

33. Infringing Content D includes, but is not limited to, the products from Pixels Seller "Towery Hill" at the following URLs:

- https://pixels.com/featured/hobby-dancing-spirit-of-dance-towery-hill.html

34. On May 20, 2023, Plaintiffs sent Pixels a fully compliant takedown requests regarding the above identified Infringing Content.

35. To date, Pixels has failed to comply with Plaintiffs' take down request and Infringing Content D remains on Pixel's website.

36. Subject Photograph D and an exemplar of Infringing Content D is set forth herein below:

/ / /

/ / /

/ / /

| SUBJECT PHOTOGRAPH D | INFRINGING CONTENT D |
| --- | --- |
| |  |



## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH E

37. Plaintiffs created and own an original photograph entitled 20151125_Misty_0507 ("Subject Photograph E"), which has been registered with the United States Copyright Office.

38. Subject Photograph E has been widely published and distributed, including through 1) Plaintiffs' website, http://www.nycdanceproject.com/ and numerous other press publications. *See* http://www.nycdanceproject.com/press.

39. Plaintiffs are informed and believe and thereon allege that following Plaintiffs' creation, publication, and distribution of Subject Photograph E, Pixels and Does 7-8, and each of them used Subject Photograph E without Plaintiffs' authorization for commercial purposes in various ways, including, but not limited to, creating, manufacturing, publishing, and distributing unauthorized copies and derivative works of Subject Photograph E on www.pixels.com (the "Infringing Content E").

40. Infringing Content E includes, but is not limited to, the products from Pixels Seller "Madsen" at the following URLs:

- https://pixels.com/featured/dreaming-madsen.html

41. On November 3, 2023, Plaintiffs sent Pixels a fully compliant takedown requests regarding the above identified Infringing Content.

42. To date, Pixels has failed to comply with Plaintiffs' take down request and Infringing Content E remains on Pixel's website.

43. Subject Photograph E and an exemplar of Infringing Content E is set forth herein below:

| SUBJECT PHOTOGRAPH E | INFRINGING CONTENT E |
| --- | --- |
|  |  |

/ / /

/ / /

/ / /

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH F**

44. Plaintiffs created and own an original photograph entitled 20151125_Misty_0370 ("Subject Photograph F"), which has been registered with the United States Copyright Office.

45. Subject Photograph F has been widely published and distributed, including through 1) Plaintiffs' website, http://www.nycdanceproject.com/ and numerous other press publications. *See* http://www.nycdanceproject.com/press.

46. Plaintiffs are informed and believe and thereon allege that following Plaintiffs' creation, publication, and distribution of Subject Photograph F, Pixels and Does 9-10, and each of them used Subject Photograph F without Plaintiffs' authorization for commercial purposes in various ways, including, but not limited to, creating, manufacturing, publishing, and distributing unauthorized copies and derivative works of Subject Photograph F on www.pixels.com (the "Infringing Content F").

47. On November 3, 2023, Plaintiffs sent Pixels a fully compliant takedown requests regarding the above identified Infringing Content.

48. To date, Pixels has failed to comply with Plaintiffs' take down request and Infringing Content F remains on Pixel's website.

49. Infringing Content F includes, but is not limited to, the products from Pixels Seller "Madsen" at the following URLs:

- https://pixels.com/featured/hoping-madsen.html

50. Subject Photograph F and an exemplar of Infringing Content F is set forth herein below:

/ / /

/ / /

/ / /

| SUBJECT PHOTOGRAPH F | INFRINGING CONTENT F |
| --- | --- |
|  |  |

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

51. Plaintiffs repeat, re-allege and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

52. On information and belief, Plaintiffs allege that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing Plaintiffs' website, as well as Plaintiffs' many online profiles, publications, and features. Access is further evidenced by the reproduction of the Subject Photographs in the Infringing Content.

53. On information and belief, Plaintiffs allege that Defendants, and each of them, infringed Plaintiffs' copyrights in the Subject Photographs by, without limitation, copying reproducing, publishing, and displaying the Subject Photographs on the Infringing Content for commercial benefit as set forth above, without Plaintiffs' authorization or consent.

54. Due to Defendants', and each of their, acts of copyright infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

55. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photographs in an amount to be established at trial.

56. On information and belief, Plaintiffs allege that Defendants, and each of them, have committed copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement – Against All Defendants, and Each)

57. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

58. Plaintiffs allege on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

59. Defendants knew or should have known that the sale of unauthorized reproductions of the Subject Photographs by affiliated and third-party distributors, including, but not limited to those operating on www.fineartamerica.com and www.pixels.com, directly infringed the copyrights in and to the Subject Photographs.

60. Defendants induced, caused, and materially contributed to the third-party distributors' direct infringement by, at a minimum, selling and distributing products bearing unauthorized reproductions of the Subject Photographs to their third-party distributors for further sale and distribution.

61. Defendants received substantial benefits in connection with their unauthorized reproduction and distribution of the Subject Photographs, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Photographs.

62. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

63. By reason of Defendants' acts of contributory infringement as alleged above, Plaintiffs have been damaged and have suffered damages in an amount to be established at trial.

64. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Photographs, in an amount to be established at trial.

65. Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make its election between actual damages and statutory damages.

**THIRD CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement – Against All Defendants, and Each)

66. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

67. Plaintiffs allege on information and belief that Defendants had the right and ability to supervise the infringing conduct of its affiliated and third-party distributors, by virtue of *inter alia* its contractual agreements with those distributors and had the right and ability to prevent the further distribution and sale of unauthorized reproductions of the Subject Photographs.

68. Defendants had a direct financial interest in the infringing activity because it received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Photographs for purposes of trade. Specifically, Defendants received revenue in connection with the sale of products bearing unauthorized reproductions and derivatives of the Subject Photographs, and was able to supervise the distribution, sale, and creation of said products.

69. Plaintiffs allege that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

70. By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiffs have been damaged and have suffered damages in an amount to be established at trial.

71. Due to Defendants' acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Photographs, in an amount to be

established at trial.

72. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their elections between actual damages and statutory damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each:**

With Respect to Each Claim for Relief

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph and Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph or the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above; That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 29, 2024 By: /s/ *Stephen M. Doniger*

Stephen M. Doniger, Esq.
Kelsey Schultz, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiffs